IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA LEE GUYTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cv-4555-B-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joshua Lee Guyton, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

On August 22, 2007, Petitioner pled guilty to robbery. The trial court deferred an adjudication of guilt and placed Petitioner on community supervision for 10 years. No appeal was taken at that time.

While on release, Petitioner violated two conditions of his community supervision, and the State of Texas filed a motion to proceed with an adjudication of guilt.[1] Petitioner entered a plea of "true" to both alleged violations. Accordingly, on

---

[1] Petitioner was also alleged to have violated conditions of release on two prior occasions; however, the trial court modified the conditions and continued Petitioner on community supervision. *See Guyton v. Texas*, No. 05-10-681-CR, 2011 WL 566393, at

-1-

April 22, 2010, the court revoked Petitioner's community supervision, adjudicated him guilty of the underlying offense, and sentenced him to 15 years' imprisonment. His revocation and conviction were affirmed on direct appeal. *See Guyton v. Texas*, No. 05-10-681-CR, 2011 WL 566393 (Tex. App. – Dallas, Feb. 18, 2011, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *See Ex parte Guyton,* WR-78,096-01 (Tex. Crim. App. Sept. 5, 2012). Petitioner then filed this action in federal district court.

In three grounds for relief, Petitioner claims that he received ineffective assistance of counsel, his guilty plea was involuntary, and the trial court violated his Due Process rights by failing to inquire into his competency. *See* Dkt. Nos. 3 & 4. Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 9. Petitioner addressed the limitations issue in a reply brief filed on February 12, 2013. *See* Dkt. No. 12.

**Legal standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

---

*1 (Tex. App. – Dallas, Feb. 18, 2011, no pet.).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

**Analysis**

Petitioner pled guilty to robbery and was placed on community supervision for 10 years. The deferred adjudication order was entered on August 22, 2007, and no appeal was taken. Therefore, the order became final for limitations purposes 30 days thereafter – on September 21, 2007. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed or suspended); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for

purposes of the AEDPA's statute of limitations). If Petitioner's habeas application is construed as challenging his counsel's assistance, the voluntariness of his plea of "true," and the trial judge's conduct at his 2010 sentencing, that judgment became final on March 21, 2011 – 30 days after the state appeals court rendered its judgment. *See* TEX. R. APP. P. 68.2(a).[2]

Petitioner did not file an application for state post-conviction relief until June 4, 2012 – over four years after his deferred adjudication order became final, and over 14 months after his judgment adjudicating guilt became final. The writ was denied on September 5, 2012. The limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending, because it was filed more than one year after his conviction became final. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his federal writ application on November 7, 2012, over five years after his deferred adjudication order became final and over 19 months after his judgment adjudicating guilt became final.

In an attempt to excuse this delay, Petitioner argues that his antidepressant medications were not working during the month of March 2011, which led to a failed suicide attempt and his placement in psychiatric treatment. *See* Dkt. No. 12 at 1. Petitioner states that he "began experiencing mental stability" again on March 29, 2011. *Id.* at 2.

---

[2] The 30th day after the judgment was affirmed fell on Sunday, March 20, 2011. As a result, Petitioner had until the following Monday, March 21, 2011, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (Table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted,* 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly,* 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

Here, Petitioner argues that he was prevented from filing his federal habeas petition due to mental illness. However, according to Petitioner's own allegations, the period of incompetency lasted only until March 29, 2011 – over 14 months prior to the filing of his state habeas application and 19 months prior to the filing of his federal petition. There is simply no evidence that Petitioner's medical condition interfered with his ability to file a federal writ in a timely manner. The Court therefore finds no basis for equitable tolling. *See, e.g.*, *Roberts v. Cockrell,* 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-

2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan. 19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb. 7, 2011); *Guerra*, 2010 WL 5071614, at *2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment).

**Recommendation**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2013

                                                  _____
                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE